**Robert E. DILES, Appellant,**

v.

**Mark E. WOOLSEY and Jimmy D. Clark, Appellees.**

**Robert E. DILES, Appellant,**

v.

**Mark E. WOOLSEY, Jimmy D. Clark and James F. Cross, Appellees.**

**Nos. 71-1744, 71-1745.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided Oct. 19, 1972.

Rehearing Denied Nov. 9, 1972.

Paul C. Rawlings, Little Rock, Ark., for appellant.

James E. Youngdahl, Little Rock, Ark., for appellees.

Before VOGEL, LAY and BRIGHT, Circuit Judges.

PER CURIAM.

Robert E. Diles, a former referee for the Arkansas Workmen's Compensation Commission, brought this action against members of the commission, seeking reinstatement to his former position and damages. The district court, in an unreported opinion, denied relief, and Diles brings this timely appeal. We affirm.

In brief, the record in the district court disclosed that the commissioners dismissed Diles, who had served as a referee for more than 15 years, without any specification of charges and without affording him a pretermination hearing.

Since Diles' status was that of an untenured employee of the State of Arkansas, the district court determined that his summary dismissal by the commissioners did not deny him rights guaranteed by the due process clause of the Fourteenth Amendment. Additionally, the court found that the commissioners did not dismiss Diles for any constitutionally impermissible reason based on race, religion, national origin, or his exercise of or refusal to waive any right guaranteed by the Constitution of the United States. The court observed that apparently Diles simply had become "persona non grata to the members of the Commission  *  *  *."

On this appeal, Diles contends that his federal constitutional rights were violated by the failure of the commissioners to afford him notice and a pretermination hearing before discharge, and that he was discharged in retaliation for his exercise of free speech. We find these contentions without merit.

Diles' failure to show that he possessed tenure rights to continue as a state employee defeats his claim of entitlement to procedural due process. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). *See* Wilderman v. Nelson, 467 F.2d 1173, 1177 (8th Cir., 1972). Moreover, the district court's specific finding that no constitutionally impermissible reason underlay the dismissal refutes Diles' claim to federal relief on any substantive ground. *See* Perry v. Sindermann, 408 U.S. 593, 598, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972); Rozman v. Elliott, 467 F.2d 1145 (8th Cir., 1972).

Accordingly, we affirm.